# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LANA K. WILLIAMS, | ) | 1:09cv01675 OWW DLB |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| STATE OF CALIFORNIA, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant action on September 22, 2009. She names the State of California as a defendant.

**DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

B.    <u>Failure to State a Claim</u>

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.    <u>Plaintiff's Allegations</u>

Plaintiff states that she is filing the instant lawsuit against the State of California for fraud.  Plaintiff lists her reasons for asserting fraud as: (1) "Failing to Account. Also, No Itemized List of Her Inheritance and Her Fathers [sic] Estate P10845-Madera, California;" (2) "Confiscating her Check-Under Protest of Inheritance-Location and Whereabouts Missing;" (3) "Lana Alleges the State of California Not only Paid the Entities of Fraud; but, Licensed Them;" and (4) Entities-State of California-Madera County-Madera Superior Court, Court Appointed Trustees-Internal Revenue."  Plaintiff indicates that this suit is in response to the Victim Compensation and Government Claims Board and she seeks more than $900,000,000.00 in damages.

Plaintiff also includes nine pages of attachments to her complaint, including a document submitted to the Victim Compensation and Government Claims Board on October 3, 2008, and orders from the Superior Court of California, County of Madera, in the matter of <u>Estate of Noble L. Tiller</u>, Case No. P10845.

D.    <u>Analysis</u>

Plaintiff brings this action against the State of California for fraud.  However, the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida,

116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment's protection of state sovereign immunity extends to suits by citizens against their own states. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000). The Eleventh Amendment also bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). The State of California, the only named defendant in this action, is therefore immune from suit.

**RECOMMENDATION**

Accordingly, because Plaintiff cannot cure the above deficiency, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 28, 2009**          **/s/ Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE