# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LANA K. WILLIAMS, | ) | 1:09cv1675 OWW DLB |
| | ) | |
| | ) | |
| | ) | ORDER VACATING SEPTEMBER 29, 2009, |
| Plaintiffs, | ) | FINDINGS AND RECOMMENDATION |
| | ) | (Document 5) |
| v. | ) | |
| | ) | ORDER GRANTING PLAINTIFF LEAVE TO |
| STATE OF CALIFORNIA, | ) | FILE AMENDED COMPLAINT |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Plaintiff, appearing pro se and in forma pauperis, filed the instant action on September 22, 2009. She named the State of California as a defendant. On September 29, 2009, the Court issued findings and recommendations that the action be dismissed without leave to amend based on Eleventh Amendment immunity grounds.

    On October 26, 2009, Plaintiff submitted objections to the Findings and Recommendation.[1] By her objections, Plaintiff attempts, among other things, to name additional defendants by adding them to the caption, including Governor Arnold Schwarzenegger, Controller John Chiang, Attorney General Edmund G. Brown and the Internal Revenue Service, and to add additional claims, including allegations regarding the raid of her animals and assault by police officers. The Court construes these "objections" as a request to amend the complaint. Accordingly, the Court VACATES the September 29, 2009, Findings and Recommendation.

---

[1] On October 26, 2009, Plaintiff also filed a motion for new judge and change of venue.

1

Amended Complaint

In order to adequately review whether Plaintiff can state a claim pursuant to 28 U.S.C. § 1915(e)(2) as to the additional defendants and allegations, Plaintiff is GRANTED leave to amend her complaint.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint.

Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action.  It must contain a short and plain statement of her claims and must clearly set forth the causes of action alleged against each Defendant.  If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

Plaintiff is further cautioned that she should assert only claims that she believes are cognizable.  The Court notes that Plaintiff has already attempted to bring two previous actions based, at least in part, on the allegations included in her complaint and "objections" regarding an accounting of her inheritance and her father's estate.[2]  Those prior actions were dismissed without leave to amend in June 2004 and in November 2007.  In setting forth the reasons why she could not state a claim in those cases, the Court explained that federal courts have no probate jurisdiction.  Additionally, in one of the cases, the Court explained that Eleventh Amendment immunity bars actions against the State and state agencies.

Despite the Court's prior explanations as to why her allegations failed, Plaintiff has again filed a similar action.  Although her complaint now contains more Defendants and additional claims for relief, it also contains the claims that the Court previously disposed of.  If Plaintiff

---

[2] Williams v. Madera Municipal Court, et al., 1:04cv5414 OWW LJO and Williams, et al. v. Moffat, et al., 1:07cv0953 OWW BAK.

1  continues to allege such claims, the Court will recommend that this action be dismissed for
2  Plaintiff's failure to follow the Court's orders.

    IT IS SO ORDERED.

    **Dated:**    **November 9, 2009**                **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE