UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LANA K. WILLIAMS, | ) | 1:09cv01675 OWW DLB |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, | ) | REGARDING DISMISSAL OF ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF CALIFORNIA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant action on September 22, 2009. She named the State of California as a defendant. On September 29, 2009, the Court issued findings and recommendations that the action be dismissed without leave to amend based on Eleventh Amendment immunity grounds.

On October 26, 2009, Plaintiff submitted objections to the findings and recommendations. By her objections, Plaintiff attempted to name additional defendants and to add additional claims. The Court construed the objections as a request to amend the complaint and vacated the September 29, 2009, Findings and Recommendation. The Court also granted Plaintiff leave to amend her complaint, but cautioned Plaintiff that she should assert only claims that she believed were cognizable. The Court noted that Plaintiff had already attempted to bring two previous actions based on allegations regarding an accounting of her inheritance and her father's estate. Those prior actions were dismissed without leave to amend. Accordingly, the Court advised

1

Plaintiff that if she continued to allege such claims, the Court would recommend that this action be dismissed for Plaintiff's failure to follow the Court's orders.

On December 8, 2009, Plaintiff filed an amended complaint. The amended complaint seeks a check plus interest and an accounting of her inheritance and her father's estate. Amended Complaint, p.1. Plaintiff names the "Federal Government," President Obama, the State of California, Governor Schwarzenegger, Controller John Chiang, Attorney General Edmund G. Brown and the Internal Revenue Service. Plaintiff attaches correspondence from The White House dated May 17, 2004, and correspondence from the State of California, Office of the Governor, dated August 2, 2005.

## DISCUSSION

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Plaintiff's Allegations

Plaintiff has filed two previous actions in this Court related to state court probate proceedings. In the first action, Williams v. Madera Municipal Court, et al., 1:04cv5414 OWW LJO, Plaintiff attempted to challenge a state probate court action. In part, the Court dismissed her claims because federal courts generally have no probate jurisdiction.

In the second action, Williams, et al. v. Moffat, et al., 1:07cv953 OWW BAK, Plaintiff filed a civil complaint related to alleged wrongful actions committed by the state court judge and others in connection with the probate of her father's estate. After giving her a chance to amend, the Court recommended that her amended complaint be dismissed with prejudice based on (1) lack of federal jurisdiction over state probate matters; (2) judicial immunity; and (3) lack of supplemental jurisdiction over state law claims.

Likely attempting to avoid the same fate, Plaintiff has filed the instant action seeking an accounting of her father's estate against new defendants. For the reasons explained below, the Court recommends dismissal with prejudice.

C.     Analysis

Plaintiff's amended complaint continues to seek "an accounting of her inheritance and also her fathers [sic] estate to be accounted." Amended Complaint, p. 1. Although Plaintiff has named new Defendants, the allegations appear to be a recitation of her efforts to obtain an accounting. For instance, Plaintiff reports that she filed claims "at every entity within the State of California and including President Bush." Amended Complaint, p. 1. She also filed an unspecified complaint with the Internal Revenue Service, submitted a copy of the instant amended complaint to United States Senator Dianne Feinstein, and reportedly sent a copy to President Obama. Complaint, p. 2. By way of relief, Plaintiff seeks a jury trial, an accounting, a check and interest in the amount of $900,090,00.00 and the IRS put on the stand. Complaint, p. 2.

As Plaintiff has been repeatedly informed by this Court, claims regarding the accounting of estate assets, including the manner in which they are sold and distributed, are matters reserved to the jurisdiction of the state probate courts and not the federal courts. Marshall v. Marshall, 547 U.S. 293, 298-99 (2006); Harris v. Zion's Bank, 317 U.S. 447, 450 (1943) (settlement and

distribution of estates are state law matters; federal courts, even in diversity cases, have no probate jurisdiction). Accordingly, Plaintiff cannot maintain an action in federal court to seek an accounting of her inheritance and her father's estate.

Insofar as Plaintiff names federal and state defendants, she has failed to allege sufficient factual matter to state a claim for relief. A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Indeed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, _ U.S. _, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Plaintiff has not asserted any overt acts by any of the defendants. At best, Plaintiff is complaining because she submitted complaints to the Internal Revenue Service, Senator Dianne Feinstein, and former President Bush related to her father's estate. This is insufficient to state a claim for relief.

Further, the remainder of Plaintiff's allegations are conclusory statements and do not provide sufficient facts to state a claim for relief that is plausible on its face. Id. For example, Plaintiff states:

> A President can be impeached and CEO's jailed-what is the difference.
> ...
> Williams is not and nor your informant. She is seeking justice in her country-a place where now it appears there is none.
> ...
> Even an heir could not obtain rights to his own assets in your court at Madera. It is Williams [sic] belief that the confiscation of property by counties and the state keep the taxes low-under market-thereby-requesting more money from the state-the state then requesting more money form the federal-and according to federal I believe decides amount of money sent to others countries-these monies obtained by illegal means of federal - I allege.
> ...
> Thus America is it's [sic] own downfall and surmise. Especially the foreclosure - which could have been prevented. Williams is not referring to the Veterans.

1 Plaintiff's conclusions and arguably fanciful statements are insufficient to state a claim.
2 Twombly, 550 U.S. at 555 (a plaintiff's obligation to provide the grounds of his entitlement to
3 relief requires more than labels and conclusions; factual allegations must be enough to raise a
4 right to relief above the speculative level).

5       Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious
6 that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to amend
7 would be futile.  See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Although Plaintiff
8 was afforded an opportunity to amend her complaint and assert allegations unrelated to the
9 administration of her father's estate, she has failed to do so.  It thus appears that granting further
10 leave to amend would be futile.

11 **<u>RECOMMENDATION</u>**

12     Based on the above, the Court HEREBY RECOMMENDS that this action be
13 DISMISSED WITHOUT LEAVE TO AMEND.

14      These Findings and Recommendations will be submitted to the Honorable Oliver W.
15 Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after
16 being served with these findings and recommendations, Plaintiff may file written objections with
17 the Court.  Fed. R. Civ. P. 72(b); Local Rule 304(b).  The document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
19 failure to file objections within the specified time may waive the right to appeal the District
20 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21
22    IT IS SO ORDERED.
23   **Dated:   December 15, 2009**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28